## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA
### THIRD DIVISION

-----------------------------------------------------------------

In Re:

Tamara M. Markey,

     Debtor,

Randall L. Seaver, Trustee,

     Plaintiff,

v.

Tamara M. Markey,

     Defendant.

Bankruptcy 02-93495
Chapter 7 Case
Adversary 05-3269

**RESPONSE OF DEFENDANT
TAMARA M. MARKEY TO
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

-----------------------------------------------------------------

Defendant Tamara M. Markey submits the following Response to Plaintiff's

Motion for Summary Judgment as follows:

1.    That concurrent herewith Defendant has filed Amended Schedules including

Schedule C, wherein Defendant has claimed as exempt her homestead and a

portion of her state and federal tax refunds for 2001 and 2002.  The amended

schedules are attached hereto as Exhibit A.  Examination of the tax returns

indicates that a portion of the tax refund represents earned income credit and the

Minnesota earned income credit.  Under case law in this district, those amounts

are exempt.  *In re Tomczyk,* 295 B.R. 894 (Bankr. D.Minn. 2003).

2.    That Debtor has amended her Schedule C to claim as exempt under state

exemptions her homestead.  It should have been obvious to all concerned that the

homestead should have been claimed exempt under state exemptions rather than

federal exemptions.  Any doubts that the debtor could amend her Schedule C to claim the property as exempt have been removed by the recent decision of the Eighth Circuit Court of Appeals in *In re Ladd,* 450 F.3d 751 (8th Cir. 2006).  In this case, as in *Ladd*, the trustee obtained a default order sustaining the objection to exempt property.  At the time the case was filed, there was no equity in the property; however, the debtor was involved in litigation to have the Minnesota State Courts declare void a mortgage obtained by her spouse without her signature.  She was successful and the property became unencumbered.  The property is well within the Minnesota state exemptions and is entitled to exemption.

3.    The trustee seeks turnover of state and federal income tax refunds to the extent not claimed exempt.  This and other courts have held that a "turnover" of property no longer in the debtor's possession is not appropriate.  The debtor does not dispute the fact that the trustee is entitled to a money judgment against her for amounts due the estate; however, in order to revoke the debtor's discharge, the trustee must establish that the debtor knowingly and fraudulently failed to deliver possession to the bankruptcy trustee.  As the Unsworn Declaration of Tamara M. Markey explains, she neither knowingly, nor fraudulently deprived the trustee of any property.

Dated:  August 17, 2006

__/e/ Michael J. Iannacone___
Michael J. Iannacone, #48719
8687 Eagle Point Boulevard
Lake Elmo, MN  55042
(651) 224-3361

Form B6A
(10/05)

In re   __TAMARA M. MARKEY_____ ,   Case No.   __02-93495 GFK_____

Debtor

# SCHEDULE A. REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **473 - 120TH AVE., CEYLON, MN.  A tract of land in the Northeast Quarter of the Southeast Quarter (NE 1/4 SE 1/4) of Section Fourteen (14), Township One Hundred One (101) North, Range Thirty-two (32) West, in Martin County, Minnesota, described as follows:  Commencing at the Southeast corner (SE 1/4) of Section Fourteen (14), Township One Hundred One (101) North, Range Thirty-two (32) West in Martin County, Minnesota; thence NOrth 0 degrees 00'00" East along East line of the Southeast 1/4 (SE 1/4) 2255.74 feet to the point of beginning; thence North 89 degrees 27' 57" West 557.10 feet to an iron pipe survey marker; thence North 0 degrees 00'00" East 391.00 feet to the North line of Southeast Quarter (SE 1/4); thence South 89 degrees 27' 57" East along North line of Southeast 1/4 (SE1/4)557.10 feet to Northeast corner of Southeast Quarter (SE 1/4); thence 0 degrees 00' 00" West along East line of Southeast Quarter (SE 1/4) 391.00 feet to the point of beginning.  Subject to an easement for public roadway right-of-way along East line of Southeast Quarter (SE 1/4).** | **Fee simple** | - | **92,000.00** | **158,882.00** |
| **215 S. PARK. ST, FAIRMONT, MN.  Lot 6, Block 4, Webster and Johnstone's Addition to the Villlage (Now City) of Fairmontaccording to the Map or Plat thereof of record in the the office of the Register of Deeds (Now County Recorder), Martin County, Minnesota.  VALUED AT $24,000 IN DIVORCE DECREE.  PAST DUE TAXES OF $1,268.00** | **Fee simple** | - | **15,000.00** | **50,000.00** |
| **227 S. ELM ST., FAIRMONT, MN.  Lot 8, Block 5, Webster and Johnstone's Addition to the Villlage (Now City) of Fairmontaccording to the Map or Plat thereof of record in the the office of the Register of Deeds (Now County Recorder), Martin County, Minnesota.  VALUED AT $7,000 IN DIVORCE DECREE.  TAXES AND ASSESSMENTS OF $6,627.35.** | | - | **12,000.00** | **0.00** |

| | | |
|---|---|---|
| Sub-Total > | **119,000.00** | (Total of this page) |
| Total > | **119,000.00** | |

__0__   continuation sheets attached to the Schedule of Real Property   EXHIBIT A   (Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re  **TAMARA M. MARKEY**                                    Case No. ___**02-93495 GFK**___
                                                              ,
                          Debtor

# SCHEDULE B. PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **CASH** | - | 5.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **CHECKING ACCOUNT - STATE BANK OF CEYLON (IN NAME OF MARY LOU MARKEY)** | - | 1,571.27 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **HOUSEHOLD GOODS AND FURNISHINGS.** | - | 3,465.00 |
| | | **AMANA CHEST FREEZER** | - | 100.00 |
| | | **SATELLITE DISH AND RECEIVER** | - | 0.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **CLOTHES** | - | 500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **AMERICAN FAMILY INSURACE COMPANY - WHOLE LIFE** | - | 1,500.00 |
| | | **CHRISTENSEN FARMS, INC. -TERM LIFE POLICY WITH JEFFERSON PILOT FINANCIAL INSURANCE CO. NO CASH VALUE** | - | 0.00 |

Sub-Total >                7,141.27
(Total of this page)

___3___  continuation sheets attached to the Schedule of Personal Property

EXHIBIT A

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **TAMARA M. MARKEY**                                    Case No.    **02-93495 GFK**
                                                                          ,
                              Debtor

## SCHEDULE B. PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | | **U. S. SAVINGS BOND** | - | **50.00** |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | **CHILD SUPPORT ONGOING MONTHLY OBLIGATION - $723.00 PER MONTH** | - | **0.00** |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | | **2001 FEDERAL TAX REFUND - $2858.00  INCLUDES $1,339.00 EARNED INCOME CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST $1,519.00 2001 MINNESOTA TAX REFUND - $885.00 INCLUDES $498.00 MINNESOTA WORKING FAMILY CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST $387.00 2002 FEDERAL REFUND - $3843.00 INCLUDES $1,802.00 EARNED INCOME CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST IS $3,843 - $1802 = $2041 * (310/365) = $1,733.45. 2002 MINNESOTA REFUND - $1,210.00  INCLUDES $641.00 MINNESOTA WORKING FAMILY CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST IS $1,210 - $641 = $569 * (310/365) = $483.26.** | - | **8,796.00** |

Sub-Total >          **8,846.00**
(Total of this page)

Sheet ___1___ of ___3___ continuation sheets attached
to the Schedule of Personal Property

EXHIBIT A

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6B
(10/05)

In re __TAMARA M. MARKEY_____,    Case No. __02-93495 GFK____

Debtor

## SCHEDULE B. PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | SUIT AGAINST WELLS FARGO FOR INVALID MORTGAGE | W | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1988 GEO METRO | - | 50.00 |
| | | 1992 PONTIAC GRAND AM | - | 1,500.00 |
| | | 1994 GMC SONOMA PICKUP TRUCK | - | 3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

Sub-Total >    4,550.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

EXHIBIT A

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **TAMARA M. MARKEY**                                    ,    Case No.    **02-93495 GFK**

Debtor

# SCHEDULE B. PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | **LORENZ 8 FT. SNOW BLOWER** | - | 1,800.00 |
| | | **10 FOOT BUMBER HITCH TANDEM HORSE TRAILER** | - | 0.00 |
| | | **INDIAN MOPED** | - | 0.00 |

|  | Sub-Total > | 1,800.00 |
|---|---|---|
| | (Total of this page) | |
| | Total > | 22,337.27 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

EXHIBIT A

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6C
(10/05)

In re  **TAMARA M. MARKEY**                                                     ,      Case No.    **02-93495 GFK**
                                        Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                              $125,000.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **473 - 120TH AVE., CEYLON, MN.  A tract of land in the Northeast Quarter of the Southeast Quarter (NE 1/4 SE 1/4) of Section Fourteen (14), Township One Hundred One (101) North, Range Thirty-two (32) West, in Martin County, Minnesota, described as follows:  Commencing at the Southeast corner (SE 1/4) of Section Fourteen (14), Township One Hundred One (101) North, Range Thirty-two (32) West in Martin County, Minnesota; thence NOrth 0 degrees 00'00" East along East line of the Southeast 1/4 (SE 1/4) 2255.74 feet to the point of beginning; thence North 89 degrees 27' 57" West 557.10 feet to an iron pipe survey marker; thence North 0 degrees 00'00" East 391.00 feet to the North line of Southeast Quarter (SE 1/4); thence South 89 degrees 27' 57" East along North line of Southeast 1/4 (SE1/4)557.10 feet to Northeast corner of Southeast Quarter (SE 1/4); thence 0 degrees 00' 00" West along East line of Southeast Quarter (SE 1/4) 391.00 feet to the point of beginning.  Subject to an easement for public roadway right-of-way along East line of Southeast Quarter (SE 1/4).** | **Minn. Stat. §§ 510.01, 510.02 Debtor claims 100% of value exempt.** | **92,000.00** | **92,000.00** |
| **Household Goods and Furnishings** | | | |
| **HOUSEHOLD GOODS AND FURNISHINGS.** | **Minn. Stat. § 550.37(4)(a)** | **3,465.00** | **3,465.00** |
| **AMANA CHEST FREEZER** | **Minn. Stat. § 550.37(4)(a)** | **100.00** | **100.00** |
| **Wearing Apparel** | | | |
| **CLOTHES** | **Minn. Stat. § 550.37(4)(a)** | **500.00** | **500.00** |
| **Interests in Insurance Policies** | | | |
| **AMERICAN FAMILY INSURACE COMPANY - WHOLE LIFE** | **Minn. Stat. § 550.37(23)** | **1,500.00** | **1,500.00** |
| **Alimony, Maintenance, Support, and Property Settlements** | | | |
| **CHILD SUPPORT ONGOING MONTHLY OBLIGATION - $723.00 PER MONTH** | **Minn. Stat. § 550.37(15)** | **0.00** | **0.00** |

EXHIBIT A

__1__  continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                             Best Case Bankruptcy

Form B6C
(10/05)

In re    **TAMARA M. MARKEY**                                    ,    Case No.    **02-93495 GFK**
                                      Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT - AMENDED
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **2001 FEDERAL TAX REFUND - $2858.00 INCLUDES $1,339.00 EARNED INCOME CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST $1,519.00** | **Minn. Stat. § 550.37(14) SEE IN RE TOMCZYK, 295 B.R. 894 (BANKR. D. MINN. 2003)** | **4,280.00** | **8,796.00** |
| **2001 MINNESOTA TAX REFUND - $885.00 INCLUDES $498.00 MINNESOTA WORKING FAMILY CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST $387.00** | **Minn. Stat. § 550.37(14) EXEMPT AMOUNT ALSO INCLUDES PORTION REFUND NOT PROPERTY OF ESTATE - FRACTIONAL SHARE POST PETITION** | **393.29** | |
| **2002 FEDERAL REFUND - $3843.00 INCLUDES $1,802.00 EARNED INCOME CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST IS $3,843 - $1802 = $2041 * (310/365) = $1,733.45.** | | | |
| **2002 MINNESOTA REFUND - $1,210.00 INCLUDES $641.00 MINNESOTA WORKING FAMILY CREDIT CLAIMED EXEMPT.  ESTATE'S INTEREST IS $1,210 - $641 = $569 * (310/365) = $483.26.** | | | |
| | | | |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **SUIT AGAINST WELLS FARGO FOR INVALID MORTGAGE** | **Minn. Stat. §§ 510.01, 510.02 SUIT CLIAMS HUSBAND ONLY SIGNED MORTGAGE ON DEBTOR'S HOMESTEAD.** | **0.00** | **Unknown** |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1988 GEO METRO** | **Minn. Stat. § 550.37(12a)** | **50.00** | **50.00** |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

EXHIBIT A

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

## UNSWORN DECLARATION

I declare under penalty of perjury that I have read the foregoing Schedule/s A, B

& C and that it/they is/are true and correct to the best of my knowledge, information and

belief.

Dated:  8 - 17   , 2006

Tamara M. Maxbey

Official Form 7
(10/05)

# United States Bankruptcy Court
### District of Minnesota

In re  **TAMARA M. MARKEY**                                                      Case No.    **02-93495 GFK**

                                                        Debtor(s)            Chapter    **7**

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$19,506.00** | **2001** |
| **$17,945.00** | **2002 FULL YEAR** |

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                          SOURCE

2

**3. Payments to creditors**

None
■       *Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■       b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■       c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐       a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **CAPITAL ONE BANK V. TAMARA M. CHOJNACKI** | **COLLECTION** | **MARTIN COUNTY** | **JUDGMENT & GARNISHMENT** |
| **FAIRMONT COMMUNITY HOSPITAL V. TAMARA M. CHOJNACKI** | **COLLECTION** | **MARTIN COUNTY** | **JUDGMENT** |
| **FIRST SELECT INC V. TAMARA M. CJOJNACKI** | **COLLECTION** | **MARTIN COUNTY** | **JUDGMENT & GARNISHMNET** |
| **WELLS FARGO HOME MORTGAGE V. TAMARA M. CHOJNACKI ET AL.** | **MORTGAGE FORCLOSURE AND COUNTER CLAIM** | **MARTIN COUNTY** | **MORTGAGE NOT VALID ON HOMESTEAD** |
| **CHOJNACKI (NOW MARKEY) V. CHOJNACKI F4-00-151** | **DIVORCE** | **MARTIN COUNTY** | **DECREE ENTERED FEBRUARY 8, 2002** |

None
■       b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

**5. Repossessions, foreclosures and returns**

None
■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
■    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

### 10. Other transfers

None
■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11. Closed financial accounts

None
■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

### 12. Safe deposit boxes

None
■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None
■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None
■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15.  Prior address of debtor**

None
■    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                              NAME USED                          DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

**18 . Nature, location and name of business**

None

■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None

■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|------|

7

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **August 17, 2006**                    Signature _Tamara M. Markey_

**TAMARA M. MARKEY**
Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

--------------------------------------------------------------------

In Re:                                    Bankruptcy 02-93495
                                          Chapter 7 Case
Tamara Markey,

                                          **UNSWORN CERTIFICATE**
              Debtor.                     **OF SERVICE**

--------------------------------------------------------------------

    I, Krisann Treague, employed by Michael J. Iannacone, attorney licensed to practice law in this Court, with office address of 8687 Eagle Point Blvd., Lake Elmo, Minnesota, declare that on August 17, 2006, I mailed Amended Schedules A, B, C and Statement of Financial Affairs to each entity named below at the address stated below for each entity by first class mail postage prepaid:

--------------------------------------------------------------------

 See attached list.

--------------------------------------------------------------------

    And, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on:  August 17, 2006

                    __/e/ Krisann Treague__

EXHIBIT A

ECAST SETTLEMENT CORP
CHASE MANHATTAN BANK
P O BOX 35480
NEWARK NJ  07193-5480

MN HOUSING FINANCE AGENCY
C/O CELINK
P O BOX 16247
LANSING MI  48901

AMERICAN EXPRESS CENTURION BANK
C/O BECKET & LEE LLP
P O BOX 3001 DEPT V
MALVERN PA  19355-0701

MN DEPT OF REVENUE
BANKRUPTCY SECTION
P O BOX 64447
ST PAUL MN  55164

STATE OF MINNESOTA
DEPT OF MANPOWER SERVICES
390 N ROBERT ST
ST PAUL MN  55101

UNITED STATES ATTORNEY
600 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN  55415

MARTIN COUNTY SHERIFF
MARTIN COUNTY COURTHOUSE
201 LAKE AVENUE
FAIRMONT MN  56031

WOLLSCHLAGER TOW & WELDER PA
ATTORNEYS AT LAW
105 S STATE ST
FAIRMONT MN  56031

STATE BANK OF CEYLON
P O BOX 348
CEYLON MN  56121

ST JOHN VIANNEY SCHOOL
911 S PRAIRIE AVE
FAIRMONT MN  56031

PRIVIDIAN NATIONAL BANK
P O BOX 9016
PLEASANTON CA  94566

PROVIDIAN FINANCIAL VISA
P O BOX 660786
DALLAS TX  75266-0786

PATRICIA S BOHN
1617 NOTTINGHAM DR
NORTH MANKATO MN  56003

ORCHARD BANK
P O BOX 5222
CAROL STREAM IL  60197-5222

NORWEST MORTAGE INC
7900 XERXES AVE S
BLOOMINGTON MN  55431

NCOMAE-3
CO RMS
992 S ROBERT ST
W ST PAUL MN  55118-1447

MIDWEST WIRELESS
CO COLLECTIONS UNLIMITED
P O BOX 100036
KENNESAW GA  30156-9236

MBNA
P O BOX 15026
WILMINGTON DE  19850-5026

JC PENNEY
P O BOX 27570
ALBUQUERQUE NM  87125

GISLASON & HUNTER LLP
P O BOX 458
NEW ULM  MN  56073-0458

FIRST SELECT
P O BOX 660767
DALLAS TX  75266-0767

FINGERHUT
AXSYS NATIONAL BANK
P O BOX 5033
SIOUX FALLS SD  57117-5033

FAIRMONT HOSPITAL
835 JOHNSON ST
FAIRMONT MN  56088

FAIRMONT CLINIC
P O BOX 928
FAIRMONT MN  56088

DIRECT MERCHANTS BANK
P O BOX 4154
CAROL STREAM IL  60197-4154

CONSECO FINANCE
1252 E MOORE LAKE DR
FRIDLEY MN  55432

CHASE PLATINUM VISA
P O BOX 52195
PHOENIX AZ  85072-2195

CEYLON FIRE ASSOCIATION
P O BOX 277
CEYLON MN  56121

CENEX
P O BOX 64127
ST PAUL MN  55164-0127

CELINK
MN HOUSING FINANCE AGENCY
3900 CAPITAL CITY BLVD
LANSING MI  48906

EXHIBIT A

CARLSON DENTAL OFFICE
717 S STATE ST #700
FAIRMONT MN  56031

CAPITAL ONE SERVICES
P O BOX 60000
SEATTLE WA  98190-6000

AMERICAN EXPRESS TRAVEL SERV CO
CO LAW OFFICE OF MITCHELL N KAY
P O BOX 9006
SMITHTOWN NY  11787-9006

AMERICAN EXPRESS
P O BOX 1270
NEWARK NJ  07101-1270

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

-------------------------------------------------------------------

In Re:                                         Bankruptcy 02-93495
                                               Chapter 7 Case
Tamara M. Markey,                              Adversary 05-3269

      Debtor,

Randall L. Seaver, Trustee,

      Plaintiff,                           **UNSWORN DECLARATION**
                                               **OF TAMARA M. MARKEY**
v.

Tamara M. Markey,

      Defendant.

-------------------------------------------------------------------

      Tamara M. Markey submits the following Unsworn Declaration as follows:

1.     I am the debtor in the above-entitled matter.

2.     That throughout my dealings with Mr. Seaver until the commencement of the

instant adversary proceeding, I relied upon the advice and counsel of my attorney,

David Frundt.  When I received my 2001 and 2002 federal tax refunds, I

contacted Mr. Frundt and asked if I had to turn the money over to Mr. Frundt

because that would create a hardship.  My car had broken down and I needed to

replace it.  Mr. Frundt advised me that I was entitled to a car exemption and I

could use the money to purchase the car.  I had no reason to believe the advice

given to me by Mr. Frundt was inaccurate or wrong.  Based upon that advice, I

replaced my car.  If I had known that it was wrong to take that money and buy a

car, I would not have done so.  I understand that I must make amends with the

so. I understand that I must make amends with the bankruptcy court and pay any amounts owed to the bankruptcy trustee and if my discharge is not revoked, I use my best efforts to borrow enough money to pay Mr. Seaver for the amounts that are properly due to the bankruptcy estate. That includes the non-exempt portions of my tax refunds, the $1,800.00 I received for selling the snow blower. At any time, the bankruptcy trustee is welcome to come and pick up the remaining items that are in my possession or I am willing to pay for those that are not.

3. I have read the motion of the bankruptcy trustee, and I want the Court to know that I filed this bankruptcy case because I was overwhelmed with debt following my divorce. It was not my desire to cheat or take anything away from the bankruptcy trustee that did not belong to me. If I did something that was wrong, it was because I mistakenly believed or was advised that I was able to do so. I had no intent to wrongfully take things from the bankruptcy estate that it should have received.

4. I believe most of this would have been avoided if my homestead had been properly claimed exempt at the time my case was filed or my Schedule C was amended shortly after I won the case against Wells Fargo Bank.

Dated: August 17, 2006

_Tamara M. Markey_
Tamara M. Markey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

-----------------------------------------------------------------

In Re:                                      Bankruptcy 02-93495
                                            Chapter 7 Case
Tamara M. Markey,                           Adversary 05-3269

     Debtor,

Randall L. Seaver, Trustee,

     Plaintiff,

     v.

Tamara M. Markey,

     Defendant.

-----------------------------------------------------------------

     I, Michael J. Iannacone, attorney licensed to practice law in this Court, with office address of 8687 Eagle Point Blvd., Lake Elmo, Minnesota, declare that on August 17, 2007, I mailed and faxed copies of Response of Defendant Tamara Markey to Plaintiff's  Motion for Summary Judgment, Unsworn Declaration of Tamara Markey and Order to each entity named below at the address stated below for each entity by first class mail postage prepaid:

-----------------------------------------------------------------
RandallL. Seaver, Esq.
12400 Portland Avenue South          FAX 952-890-0244
Suite 132
Burnsville, MN 5537


     And, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on:  August 17, 2006

                            __/e/ Michael J. Iannacone__

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

-----------------------------------------------------------------

In Re:                             Bankruptcy 02-93495
                                   Chapter 7 Case
Tamara M. Markey,               Adversary 05-3269

         Debtor,

Randall L. Seaver, Trustee,                   **ORDER**

         Plaintiff,

         v.

Tamara M. Markey,

         Defendant.

-----------------------------------------------------------------

At Minneapolis, Minnesota.

The above matter came on before the undersigned Judge of Bankruptcy Court upon the Plaintiff's motion for summary judgment. Appearances are as noted in the record.

Upon all the files and records herein, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **DENIED.**

Dated: August _____, 2006.

                                _____
                                Gregory F. Kishel, Chief Judge
                                United States Bankruptcy Court