UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

In Re:

Tamara M. Markey,

    Debtor,

Randall L. Seaver, Trustee,

    Plaintiff,

v.

Tamara M. Markey,

    Defendant.

Bankruptcy 02-93495
Chapter 7 Case
Adversary 05-3269

**DEFENDANT'S TRIAL MEMORANDUM**

---

## INTRODUCTION

The Court has entered an Order granting partial summary judgment to the Plaintiff and reserving some matters for trial. The Court has indicated that both the Debtor and Debtor's former counsel must testify concerning the Debtor's defense of advice of counsel. It is this Debtor's contention that while she may have taken assets which belonged to the bankruptcy estate, she did so with the advice of counsel and without any bad faith, intent or purpose.

## ARGUMENT

In order to sustain the advice of attorney defense, the advice given must not be known to the debtor to accomplish an improper purpose. In the Ninth Circuit case of *In re Adeeb,* 787 F.2d 1339 (9th Cir. 1986), the Ninth Circuit held:

> Generally, a debtor who acts in reliance on the advice of his attorney lacks the intent required to deny him a discharge of his debts (citations omitted). However, the Debtor's reliance must be in good faith (citations omitted). In this case, the bankruptcy case found that both Cooper and Adeeb "knew the purpose of the transfers was to hinder or delay creditors of the debtor." Such a finding precludes a defense of good faith reliance on the advice of an attorney even if the client is otherwise innocent of any improper purpose. A debtor who knowingly acts to hinder or delay his creditors acts with the very intent penalized by § 727(a)(2)(A).

In the Eighth Circuit, the Bankruptcy Court for the Western District of Missouri held in *In re Thomas,* 2006 W.L. 2850353:

> Mistaken reliance on an attorney's advice will excuse acts of fraudulent intent if the advice was reasonable and the attorney was aware of all relevant facts. Citing *In re Sendecky,* 283 B.R. 760, 765 (B.A.P. 8th Cir. 2002), *Kaler v. Craig, (In re Craig),* 195 B.R. 443, 452 (Bankr. D.M.D. 1996) and *Kaler v. McLaren (In re McLaren),* 236 B.R. 882 (Bankr. D.M.D. 1999).

The court held where the debtor's attorneys were fully informed about the debtor's property, the reliance on attorney's advice would excuse acts which otherwise bear indicia fraud. The court ruled in *In re Thomas*, the factual issues for trial include whether the debtor provided his counsel with accurate, complete and timely information regarding his assets, income and expenses.

In the case before the court, the Debtor had provided her lawyer with complete information concerning the Debtor's homestead since the homestead was listed on the Debtor's bankruptcy schedules, information concerning the status of the state court litigation was disclosed by counsel at the § 341 Meeting and Debtor's counsel ignored letters from the bankruptcy trustee to amend Schedule C.

With regard to the Debtor's income tax refunds, the Debtor will testify it is her recollection that the Trustee advised her to deliver the income tax refunds to her attorney, David Frundt. When the Debtor received her tax refunds, the Debtor contacted the

person to whom she was to deliver the income tax refunds.  The Debtor submits that an inquiry of Mr. Frundt is logical in the circumstances since Mr. Frundt was the person designated by the Trustee to receive the income tax refunds.  The Debtor will also testify that she provided to Mr. Frundt a complete copy of her divorce decree.  The Debtor relied upon the expertise of Mr. Frundt in completing her bankruptcy schedules completely.  The Debtor will also testify that she spoke to Mr. Frundt about obtaining a mortgage on her homestead so that she could pay the Wollschlager Law Firm that had attorneys liens on her homestead.

When confronted with the Motion for Summary Judgment submitted by the Plaintiff, the Defendant admitted liability for the value of the items which the Debtor believes could not have been claimed exempt and should have been delivered to the bankruptcy trustee, i.e. the non-exempt portion of the tax refunds and the receipt of money for the sale of personal property.  The Debtor would have delivered the tax refunds to the bankruptcy trustee had she been advised so by Mr. Frundt.  The Debtor likewise acknowledges that the bankruptcy trustee should have received either the proceeds from the property sold or the property which was sold.  The Debtor provided to Mr. Frundt a copy of her divorce decree.  As the Debtor will testify, most of the assets listed on her bankruptcy schedules were listed in a summary or categorical fashion.  Debtor will testify she was not aware that any of the items need to be listed separately.  She will testify that she provided the information to Mr. Frundt and that she had no reason to believe that Mr. Frundt would not properly list the information on her bankruptcy schedules.

## CONCLUSION

The Debtor submits to the Court that following the trial, the Court will be firmly convinced that this Debtor lacked the fraudulent intent to remove any assets or to deny the Trustee access to any assets. The Debtor is aware that the Court's decision will depend on its observations of the demeanor and credibility of the witnesses. The Debtor hopes to convince the Court that she was candid and disclosed all of her assets and other information to her attorney at the time of filing the bankruptcy case. The Debtor placed great confidence in her attorney to properly claim her homestead as exempt. It has been stipulated by the Bankruptcy Trustee that had the homestead been properly claimed exempt, it would have been claimed exempt. Had the Debtor received correct and appropriate advice, this case would never have been brought and she would not be facing an expensive trial and a potential loss of discharge. Defendant believes that when the Court has considered all the evidence and weighed its observations of the witnesses and their demeanor, the Court will conclude that the Plaintiff's case should be dismissed with prejudice and the Debtor should retain her discharge.

Dated:  December 4, 2006                                  Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　__/e/ Michael J. Iannacone___
　　　　　　　　　　　　　　　　　　　　　　　Michael J. Iannacone, #48719
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　8687 Eagle Point Boulevard
　　　　　　　　　　　　　　　　　　　　　　　Lake Elmo, MN  55042
　　　　　　　　　　　　　　　　　　　　　　　(651) 224-3361